UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

BS BIG V, LLC, BHC BIG V, LLC, and          :
BHRA BIG V, LLC,                            :
                                            :
                    Plaintiffs,             :
                                            :       MEMORANDUM DECISION
             -against-                      :          AND ORDER
                                            :
PHILADELPHIA INDEMNITY INSURANCE            :       19 Civ. 4273 (GBD) (SLC)
COMPANY,                                    :
                                            :
                    Defendant.              :
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

GEORGE B. DANIELS, United States District Judge:

Plaintiffs BS BIG V, LLC, BHC BIG V, LLC, and BHRA BIG V, LLC bring this action

against Defendant Philadelphia Indemnity Insurance Company alleging that Defendant breached

the parties' insurance policy by refusing to indemnify Plaintiffs for water damage to property they

owned and Defendant insured. (*See* Complaint ("Compl."), ECF No. 1–1.) Following the close

of discovery, Defendant moved to exclude the testimony of Plaintiffs' expert witness and for

summary judgment. (ECF Nos. 35 and 38.)

Before this Court is Magistrate Judge Sarah L. Cave's August 5, 2022 Report and

Recommendation denying Defendant's *Daubert* motion to exclude expert testimony, and

recommending that Defendant's motion for summary judgment be denied. (Report and

Recommendation ("Report"), ECF No. 51, at 31.) Magistrate Judge Cave advised the parties that

failure to file timely objections to the Report would constitute a waiver of those objections on

appeal. (*Id.* at 32.) Defendant filed timely objections on August 22, 2022. (Def's. Objs. to R. &.

R. ("Def's. Objs."), ECF No. 53.) Subsequently, on September 1, 2022, Plaintiffs filed a response

to Defendant's objections. (Pls.' Resp. to Def's. Obs. ("Pls.' Resp."), ECF No. 54.) Having

reviewed Magistrate Judge Cave's Report, Defendant's objections, and Plaintiffs' response, this Court ADOPTS the Report in full and overrules Defendant's objections. Defendant's motions to exclude and for summary judgment are DENIED.

## I.     FACTUAL BACKGOUND[1]

Plaintiffs BS BIG V, LLC, BHC BIG V, LLC, and BHRA BIG V, LLC are real estate companies operating in the New York and New Jersey area. (Report at 1.) In 2019, they commenced this action against Defendant Philadelphia Indemnity Insurance Company after Defendant refused to indemnify them for water damage resulting from a failed pipe in a building Plaintiffs owned. (*Id.*) The property in question is a single-story freestanding building located in New Windsor, New York that previously housed a branch of Orange County Bank & Trust. (*Id.* at 6.) When Plaintiffs purchased the building in 2014, they assumed the lease with the bank and secured insurance from Defendant. (*Id.*) Relevant to the two motions now before this Court, Plaintiffs' policy with Defendant contained exceptions for (a) losses caused by water freezing, unless the policy-holder—in this case, Plaintiffs—either maintains heat in the building or shuts off the water supply; or (b) losses incurred when the building has been vacant for more than sixty consecutive days before the loss. (*Id.* at 3–5.)

In late 2017, the building's only tenant, the bank, vacated. (Report at 6.) About a year later, on December 19, 2018, a pipe in the building's heating, ventilation, and air conditioning ("HVAC") system ruptured, resulting in extensive water damage. (*Id.*) According to utility records, in the month preceding the pipe burst, the building was not heated and the water supply to the building remained on. (*Id.* at 8.) Further, weather records for the New Windsor area indicate that the average temperature during that time period was at or below freezing. (*Id.*)

---

[1] The relevant factual and procedural background is set forth in greater detail in the Report and is incorporated by reference herein.

Shortly after the pipe ruptured, Plaintiffs submitted a claim to Defendant under their insurance policy for the losses suffered due to the water damage.[2]  (Report at 6.)   Upon investigation, Defendant denied coverage.  (*Id.* at 8.)   In a letter dated February 19, 2019, Defendant maintained that the "cause of the loss is related to a pipe freeze and burst resulting from improperly maintained heat," and that a "Covered Cause of Loss," as defined by the policy, had therefore "not occurred."  (*Id.* at 8–9.)

In response to Defendant's denial of coverage, Plaintiffs retained Rudi O. Sherbansky to serve as an expert with respect to the cause of the loss.  (Report at 10.)   After inspecting the building, Sherbansky concluded that the rupture "occurred due to a latent condition of the pipe joint that disconnected suddenly and without any indication of being defective."  (*Id.* at 12.) Sherbansky ruled out freezing as the cause of the rupture because "there were no symptoms or other indications that freezing occurred," such as cracking, bubbling, warping displacement, or sagging.  (*Id.*)  To the contrary, according to Sherbansky, the pipe was "aligned plumb, straight with no bulging, [or] movement."  (*Id.*)  In reaching his findings, Sherbansky conducted a site visit; reviewed certificates of occupancy and compliance, building permits, photographs, and weather reports; and researched the history and public records relating to the building.  (*Id.*) Significant to Defendant's arguments on the instant motions, Sherbansky performed his inspection approximately three months after the incident and, in coming to his conclusions, did not perform any testing.  (*Id.* at 13.)  Defendant has submitted conflicting testimony from its own expert that

---

[2] Strongwater Group Services, a building restoration service engaged by the Plaintiffs, estimated the value of the loss at $480,578.67.  (Report at 9.)  Defendant's independent adjuster, MSW, conducted an inspection of the property and found that the interior of the building was "in need of significant repairs due to the loss," though does not appear to have estimated the cost of those repairs.  (Pls.' Opp. to Def.'s Mot. for Summ. J. ("Pls.' Opp."), ECF No. 47, at 15.)

the cause of the burst was, not faulty workmanship, but a pipe freeze that resulted from sub-freezing temperatures and the property's vacancy. (*Id*. at 14–15.)

## II.   STANDARD OF REVIEW

### A.   Reports and Recommendations of a Magistrate Judge.

#### 1.   Review of an Evidentiary Ruling

The standard of review that a district court applies to a magistrate judge's order "depends on whether the issue decided by the magistrate judge is dispositive or non-dispositive." *Pac. Life Ins. Co. v. Bank of New York Mellon*, 571 F. Supp. 3d 106, 111 (S.D.N.Y. 2021) (quoting *Blackrock Allocation Target Shares: Series S. Portfolio v. Wells Fargo Bank, Nat'l Ass'n*, No. 14 Civ. 10067 (KPF), 2018 WL 3863447, at \*3 (S.D.N.Y. Aug. 13, 2018); *see also Kiobel v. Millson*, 592 F.3d 78, 106 (2d Cir. 2010) (Jacobs, J., concurring). While dispositive orders are subject to *de novo* review where a party timely objects, a district court may only "modify or set aside any part of [a non-dispositive] order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). "The decision to admit or exclude expert testimony is considered non-dispositive of an action." *Pac. Life Ins. Co.*, 571 F. Supp. 3d at 111 (quoting *Sansalone v. Bon Secours Charity Health Sys.*, No. 05 Civ. 8606 (BSJ), 2009 WL 1649597, at \*2 (S.D.N.Y. June 9, 2009) (collecting cases)); *see also Israel v. Springs Indus., Inc.*, No. 98 Civ. 5106 (ENV), 2007 WL 9724896, at \*2 (E.D.N.Y. July 30, 2007) (noting that magistrate judge's *Daubert* ruling was "non-dispositive" of the litigation.).

A magistrate's ruling is "contrary to law" if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure," and is "clearly erroneous" if "the district court is left with the definite and firm conviction that a mistake has been committed." *Thai Lao Lignite (Thai.) Co., Ltd. v. Government of Lao People's Democratic Republic*, 924 F.Supp.2d 508, 512 (S.D.N.Y.

4

2013) (citations omitted). This standard of review is "highly deferential." *Id*. at 511. Additionally, "Rule 72(a) precludes the district court from considering arguments that were not presented to the magistrate judge," *Id*. at 512 (citation omitted), and "[n]ew arguments and factual assertions cannot properly be raised for the first time in objections to [a magistrate judge's report and recommendation], and indeed may not be deemed objections at all," *Khatabi v. Bonura*, No. 10 Civ. 1168 (ER), 2017 WL 10621191, at *5 (S.D.N.Y. Apr. 21, 2017) (collecting cases).

## 2.    Review of a Summary Judgment Decision

A magistrate judge's recommendation on a dispositive issue is reviewed under a different standard. The court must review *de novo* the portions of a magistrate judge's report to which a party properly objects. *Id.* The court, however, need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675–76 (1980). Rather, it is sufficient that the court "arrive at its own, independent conclusion" regarding those portions of the report to which objections are made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189–90 (S.D.N.Y. 1985) (citation omitted).

Portions of a magistrate judge's report to which no or "merely perfunctory" objections are made are reviewed for clear error. *See Edwards v. Fischer*, 414 F. Supp. 2d 342, 346–47 (S.D.N.Y. 2006) (citations omitted). The clear error standard also applies if a party's "objections are improper—because they are 'conclusory,' 'general,' or 'simply rehash or reiterate the original briefs to the magistrate judge.'" *Stone v. Comm'r of Soc. Sec.*, No. 17 Civ. 569 (RJS), 2018 WL 1581993, at *3 (S.D.N.Y. Mar. 27, 2018) (citation omitted). As in the review of a non-dispositive order of a magistrate, clear error is present when "upon review of the entire record, [the court is] 'left with the definite and firm conviction that a mistake has been committed.'" *United States v.*

*Snow*, 462 F.3d 55, 72 (2d Cir. 2006) (citation omitted). "[T]he objector thus carries a heavy burden." *Khaldei v. Kaspiev*, 961 F. Supp. 2d 572, 575 (S.D.N.Y. 2013).

### III.      THE REPORT IS ADOPTED

**A.      Defendant's *Daubert* Motion is Denied**

As noted above, even where parties file timely objections, district courts only set aside non-dispositive orders of a magistrate judge where they are clearly erroneous or contrary to law. *See* Fed. R. Civ. P. 72(a). Thus, this Court reviews Magistrate Judge Cave's decision denying Defendant's *Daubert* motion for clear error.

Federal Rule of Evidence 702 governs expert testimony. It provides that a person "qualified as an expert by knowledge, skill, experience, training, or education" may offer opinion testimony if:

> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702.

The Supreme Court has tasked district courts with a "gatekeeping" role with respect to expert opinion testimony. *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993) (holding that it is the district court's responsibility to ensure that an expert's testimony "both rests on a reliable foundation and is relevant to the task at hand"). This "gatekeeping" function applies whether the expert testimony is based on scientific, technical, or "other specialized" knowledge. *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999). "It is well-established that the trial judge has broad discretion in the matter of the admission or exclusion of expert evidence[.]" *Boucher v. U.S. Suzuki Motor Corp.*, 73 F.3d 18, 21 (2d Cir. 1996) (citation omitted).

Ultimately, expert testimony should be excluded "if it is speculative or conjectural," or "if it is based on assumptions that are so unrealistic and contradictory as to suggest bad faith, or to be in essence an apples and oranges comparison." *Boucher*, 73 F.3d at 21 (citation omitted). By contrast, "other contentions that the assumptions are unfounded go to the weight, not the admissibility, of the testimony." *Id.* (quotation omitted). "[T]he traditional and appropriate means of attacking shaky but admissible evidence" are not exclusion, but rather "[v]igorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof." *Daubert*, 509 U.S. at 596. Moreover, "[a]lthough a district court should admit expert testimony only where it is offered by a qualified expert and is relevant and reliable, exclusion remains the exception rather than the rule." *In re: Gen. Motors LLC Ignition Switch Litig.*, No. 14 MD 2543 (JMF), 2016 WL 4077117, at *2 (S.D.N.Y. Aug. 1, 2016) (quotation omitted).

A court's inquiry in this space focuses on three issues: (1) whether the expert is qualified; (2) whether the proposed opinion is based on reliable data and methodology; and (3) whether the proposed testimony would be helpful to the trier of fact. *United States v. Williams*, 506 F.3d 151, 160 (2d Cir. 2007) (quotation omitted). In the instant case, item one is obviated by the absence of any challenge to Sherbansky's qualifications as an expert. (Def.'s Objs. at 16.) Accordingly, this Court focuses on items two and three: the reliability of Sherbansky's testimony and its helpfulness to the jury.

1. **Reliability of Sherbansky's Testimony**

Having reviewed Magistrate Judge Cave's reasoning, this Court declines to modify or set aside any portion of her order on Defendant's *Daubert* motion. This Court agrees with Magistrate Judge Cave that Sherbansky's report and testimony are "sufficiently supported by his experience and inspection, which did not find any of the typical symptoms of a pipe freeze," (Report at 19,

22), and that Sherbansky's decisions not to perform testing or inspect other pipes in the building are reinforced by the fact that Defendant's own expert also found such testing and additional inspection unnecessary, (Report at 20–21).   Nothing in Magistrate Judge Cave's order leads this Court to believe that she clearly erred in considering Defendant's arguments to the contrary.

Defendant's attacks on Sherbansky's testimony are typical of questions suitable for cross-examination, but they do not form the basis of a successful *Daubert* challenge.   Specifically, Defendant objects to the Report's finding that Sherbansky's testimony comports with *Daubert*'s standard for reliability in light of: (i) Sherbansky's failure to identify the type of force he believes caused the pipe joint to separate, which Defendant argues renders his explanation incomplete, (Def.'s Objs. at 11–15); (ii) Sherbansky's purportedly stale inspection, which he did not conduct until more than three months after the incident, (*id*. at 12); (iii) Defendant's factual claim that Sherbansky's "inferior soldering" theory is belied by the absence of any pipe leak prior to the incident (*id*. at 13); and (iv) that certain of Sherbansky's conclusions are contradicted by other literature on freezing and bursting, (*id*. at 25).

Taking each in turn, Defendant's first objection that Sherbansky's failure to identify the force that separated the pipe runs afoul of the well-established rule that there not be "too great an analytical gap between the data and the opinion offered," (*see* Def.'s Objs. at 14), is confused. Defendant's complaint is not that Sherbansky's opinion is unsupported by any data; rather, Defendant complains that Sherbansky does not offer any opinion at all on one particular issue. The issues on which Sherbansky does opine are, as discussed above, sufficiently supported. Assuming Defendant is correct that Sherbansky's theory only partially explains the pipe failure— an issue this Court need not resolve on the instant motions—that Plaintiffs may need to supplement Sherbansky's testimony with other evidence at trial does not automatically render his theory

unreliable.  Second, as to the timeliness of Sherbansky's inspection, the case upon which Defendant relies, *405 Condo Assocs. LLC v. Greenwich Ins. Co.*, No. 11 Civ. 9662 (SAS), 2012 WL 6700225 (S.D.N.Y. Dec. 26, 2012), is not analogous.  There, the expert did not perform his inspection until eight months after the incident, and only after the property in question had already been repaired.  *Id.* at *5.  In any event, the *405 Condo* Court did not consider the delay in inspection dispositive of reliability, but merely found that it exacerbated other and more significant issues with the expert's testimony that do not exist here.  *Id.* (noting that the delay "calls into doubt the reliability of his testimony given the absence of a clear methodology or relevant data").[3]  Given the presumption in favor of inclusion, *see In re Gen. Motors*, 2016 WL 4077117, at *2, and the lack of any clear authority supporting Defendant's position that a three-month interval between incident and inspection in failed pipe cases is too long to allow for accurate findings, this Court declines to exclude Sherbanksy's testimony on this basis.  Finally, to the extent Defendant's third and fourth concerns are valid, they go to the weight and credibility of Sherbansky's testimony, not its admissibility.  Accordingly, as noted in Magistrate Judge Cave's order, Defendant may properly explore any weaknesses in Sherbansky's theory and methodology on cross-examination or by offering its own expert to rebut his assertions.  *See Daubert*, 509 U.S. at 596 ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence."); *see also*

---

[3] Defendant's other cases, (*see e.g.*, Def's. Objs. at 14 (citing *Gambardella v. Tricam Indus., Inc.*, No. 18 Civ 10867 (VB), 2020 WL 5548825, at *6 (S.D.N.Y. Sept. 16, 2020)), 29 (citing *Toomey v. MillerCoors LLC*, 86 F. Supp. 3d 202, 207 (E.D.N.Y. 2015)), are likewise easily distinguishable in that, unlike the experts in those cases, Sherbansky's opinions here are based on his first-hand inspection, which showed absolutely no "symptoms or other indications that freezing occurred in the HVAC pipes [that] would cause such a pipe burst," as well as his review of building permits, photographs, weather reports, public records, and certificates of occupancy and compliance for the property.  *Compare* (Report at 20 (quoting Sherbansky's report) *with Gambardella*, 2020 WL 5548825, at *6 (expert provided "no basis" and no facts or data to support opinion) and *Toomey*, 86 F. Supp. 3d at 207 (expert's opinion was "not based on any facts" in evidence).

*McCullock v. H.B. Fuller Co.*, 61 F.3d 1038, 1044 (2d Cir. 1995); *In re Joint E. & S. Dist. Asbestos Litig.*, 52 F.3d 1124, 1132 (2d Cir. 1995); *United States v. Young*, 745 F.2d 733, 761 (2d Cir. 1984).

Defendant separately argues that Magistrate Judge Cave erred when she compared the substance of Sherbansky's report with the report offered by Defendant's expert, James Davis, and concluded that the fact that Davis did not conduct any testing or inspect other pipes in the building undermines Defendant's complaints about Sherbansky's failure to do the same.[4] (Def.'s Objs. at 15–21.) Defendant cites no case law in support of this argument, and this Court sees no obvious error in Magistrate Judge Cave's use of the Davis report as a metric by which to determine the commonality of the testing and analyses Defendant faults Sherbansky for not using, particularly where the record already demonstrates other and sufficient indicia of Sherbansky's reliability.

### 2. Helpfulness of Sherbansky's Testimony

In its objections to Magistrate Judge Cave's order, Defendant argues for the first time that Sherbansky's testimony fails to aid the trier of fact because, even if Sherbansky is correct that the pipe in question was inadequately soldered, that fact has no bearing whatsoever on whether the pipe also froze. (Def's. Objs. at 26–28.) In this Circuit, "it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate but were not. *Scientific Components Corp. v. Sirenza Microdevices, Inc.*, No. 03 Civ. 1851 (NGG), 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) (citing *Pan Am. World Airways v. Int'l Bhd. of Teamsters*, 894 F.2d

---

[4] Along these lines, Defendant also objects to the Report's finding of a "'similarity' in methodology between Mr. Davis's methodology and Mr. Sherbansky's." (Def.'s Objs. at 21–24.) Defendant's efforts to distinguish its expert at Sherbansky's expense is the quintessential "battle of the experts" scenario improper for court resolution at summary judgment. *See In re Joint E. & S. Dist. Asbestos Litig.*, 52 F.3d at 1135.

36, 40 n. 3 (2d Cir. 1990); *see also Pierce v. Mance*, No. 08 Civ. 4736 (LTS), 2009 WL 1754904,

at *1 (S.D.N. Y June 22, 2009) ("Rule 72(b) does not provide that new claims may be raised in

objections to a report and recommendation … petitioner's new claims, presented in the form of,

or along with, 'objections,' should be dismissed."). Because Defendant did not challenge the

helpfulness of Sherbansky's report in its motion papers, this Court has no occasion to decide that

issue.[5]

For these reasons, this Court finds no clear error in Magistrate Judge Cave's reasoning. As

such, her order denying Defendant's motion to exclude Sherbansky is affirmed.

**B.    Defendant's Motion for Summary Judgment is Denied**

Defendant also challenges the Report's recommendation that this Court deny Defendant's

motion for summary judgment. Summary judgment is appropriate when there is no genuine issue

of material fact and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ.

P. 56(a). "An issue of fact is 'genuine' if 'the evidence is such that a reasonable jury could return

a verdict for the nonmoving party.'" *Gayle v. Gonyea*, 313 F.3d 677, 682 (2d Cir. 2002) (quoting

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A fact is material when it "might

affect the outcome of the suit under the governing law." *Id.* at 682 (quoting *Anderson*, 477 U.S. at

248).

The party seeking summary judgment has the burden of demonstrating that no genuine

issue of material fact exists. *See Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir.

2002). In turn, to defeat a motion for summary judgment, the opposing party must raise a genuine

issue of material fact. *See Caldarola v. Calabrese*, 298 F.3d 156, 160 (2d Cir. 2002). To do so, it

---

[5] Although Defendant did briefly raise this argument in its response to Plaintiffs' opposition to the *Daubert* motion, (*see* ECF No. 48 at 4), it is well-established that "[a]rguments may not be made for the first time in a reply brief." *Knipe v. Skinner*, 999 F.2d 708, 711 (2d Cir. 1993).

"must do more than simply show that there is some metaphysical doubt as to the material facts," *id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)), and it "may not rely on conclusory allegations or unsubstantiated speculation," *Fujitsu Ltd. v. Fed. Express Corp.*, 247 F.3d 423, 428 (2d Cir. 2001) (quoting *Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998)). Rather, the opposing party must produce admissible evidence that supports its pleadings. *See First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289–90 (1968). In this regard, "[t]he 'mere existence of a scintilla of evidence' supporting the non-movant's case is also insufficient to defeat summary judgment." *Niagara Mohawk Power Corp. v. Jones Chem., Inc.*, 315 F.3d 171, 175 (2d Cir. 2003) (quoting *Anderson*, 477 U.S. at 252).

In determining whether a genuine issue of material fact exists, the court must construe the evidence in the light most favorable to the opposing party and draw all reasonable inferences in that party's favor. *See id.* However, "a court must not weigh the evidence, or assess the credibility of witnesses, or resolve issues of fact." *Victory v. Pataki*, 814 F.3d 47, 59 (2d Cir. 2016) (citation omitted). Summary judgment is therefore "improper if there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party." *Marvel*, 310 F.3d at 286.

Defendant argues that it is entitled to summary judgment on three grounds: first, that Plaintiffs cannot established a covered cause of loss because the loss was caused by a pipe freeze, which is specifically excluded under the policy; second, that Plaintiffs did not incur an actual loss; and third, that Plaintiffs violated a condition precedent for coverage. (Def.'s Mot. for Summ. J. ("Def.'s Mot."), ECF No. 37, at 17–28.) As discussed below, this Court adopts the Report's conclusion that Defendant has not met its burden of proof on summary judgment on any of these grounds.

### 1.    Defendant is Not Entitled to Summary Judgment on Causation

The Report recommends denial of Defendant's motion for summary judgment on Defendant's first ground due to triable issues of material fact regarding the cause of the water damage. (Report at 24.)  Upon review of the evidence submitted, this Court concurs with Magistrate Judge Cave that summary judgment is inappropriate.  As Magistrate Judge Cave appropriately noted, the parties' accounts and evidence conflict considerably with regard to the reason the pipe failed.  While Defendant offered an expert opinion that a pipe freeze occurred, Plaintiffs came back with Sherbansky's opinion that the true cause was poor soldering, *i.e.*, faulty workmanship.  (*Id.* at 25.)  Assessment of this issue will therefore involve a fact-intensive analysis of, among other things, the credibility of both experts and the information and observations upon which they relied.  It is well settled that resolution of this sort of "battle of the experts" is inappropriate at summary judgment.  *In re Joint E. & S. Dist. Asbestos Litig.*, 52 F.3d at 1135 ("Trial courts should not arrogate the jury's role in evaluating the evidence and the credibility of expert witnesses by simply choosing sides in the battle of the experts") (quotation omitted); *see also Realtime Data, LLC v. Stanley*, 897 F. Supp. 2d 146, 153 (S.D.N.Y. 2012) ("[W]hen there are dueling experts, both of whom have put forward opinions in contradiction with each other, and when those opinions are important to resolution of a material factual dispute, summary judgment may not be appropriate.").  Magistrate Judge Cave appropriately recommended denial of Defendant's motion on this issue.

Further, and contrary to Defendant's suggestion on objection, (Def's. Objs. at 28–30), Magistrate Judge Cave did not "misapprehend" the burden of proof.  It is well-established that the party seeking summary judgment has the burden of demonstrating that no genuine issue of material fact exists.  *See e.g., Marvel Characters, Inc.*, 310 F.3d at 286.  Defendant met this burden through

introduction of the Davis report. The burden then shifted to the opposing party to raise a genuine issue of material fact, *see e.g., Caldarola*, 298 F.3d at 160, which Plaintiffs did when they introduced Sherbansky's report. Magistrate Judge Cave appropriately applied this burden-shifting framework. Defendant's suggestion that this Court grant summary judgment upon consideration of only one side's evidence is completely without merit.[6]

## 2.   **Plaintiffs Have Met Their Burden to Show Proof of Loss**

As an alternate theory, Defendant argues that it is entitled to summary judgment because Plaintiffs have not incurred an actual loss. (Def.'s Mot. at 22–27.) Specifically, Defendant argues that Plaintiffs did not have an insurable interest in the building and that, even if Plaintiffs had such an interest, they failed to adduce sufficient evidence to create a genuine issue of material fact as to the actual cash value recoverable under the policy. (*Id.*) Magistrate Judge Cave rejected both arguments. (Report at 26–28.) Because Defendant did not object to these findings, this Court reviews for clear error.

Magistrate Judge Cave correctly concluded that Plaintiffs had a substantial economic interest in the building's preservation, and thus an insurable interest. As owner of the building, Plaintiffs clearly have "such a relation or connection with, or concern in, such subject matter that [they] will derive pecuniary benefit or advantage from its preservation, or will suffer pecuniary loss or damage from its destruction, termination, or injury by the happening of the event insured against[.]" *Nat'l Superlease Inc. v. Reliance Ins. Co. of New York*, 123 A.D.2d 608, 608 (2d Dep't

---

[6] Defendant also objects to Magistrate Judge Cave's finding that a certain policy exception invoked by Plaintiffs, Exclusion 3.c, is ambiguous. (Def.'s Objs. at 30–32.) In its objections, Defendant clarifies that Exclusion 3.c was neither the basis of its disclaimer of coverage to Plaintiffs nor the grounds upon which it relies in its summary judgment motion. (*Id.* at 31.) In their response to Defendant's objections, therefore, Plaintiffs deemed it "unnecessary to delve into this argument, as there is no need for Plaintiffs to address an exception to an exclusion which [Defendant] is not relying upon.) (Pls.' Resp. at 19.) This Court agrees. As such, this Court does not decide the ambiguity or applicability of the exclusion, which has no bearing on this Court's other determinations as to the relevant burden of proof and proof of causation.

1986) (citing *Scarola v. Ins. Co. of N. Am.*, 31 N.Y.2d 411, 413 (N.Y. 1972)); (*see also* Report at 28–29 (collecting cases)).  Magistrate Judge Cave also properly found that Plaintiffs raised a genuine issue of material fact as to damages.  Plaintiffs have supplied testimony regarding the quality and nature of the cabinets and other fixtures in the building before the incident, a report prepared by Defendant's adjuster, MWC, describing the poor conditions inside the building following the loss, and the Strongwater report estimating the cost of restoration.  (Report at 29.)  This evidence is clearly sufficient to raise a genuine issue of material fact as to damages.

### 3.   Defendant Has Not Shown that Plaintiffs Violated a Condition Precedent to Coverage

Finally, Magistrate Judge Cave correctly held that Defendant failed to meet its burden to demonstrate that Plaintiffs violated a condition precedent to coverage under the policy.  Defendant did not object to this finding, and this Court reviews for clear error.

In its motion, Defendant argued that it is entitled to summary judgment because, in contravention of certain provisions of Plaintiffs' policy, Plaintiffs allegedly disposed of their damaged property before Defendant could complete its inspection and without submitting an inventory of the damaged items.  (Def.'s Mot. at 8.)  To demonstrate such a breach, an insurer must show "(1) that it acted diligently in seeking to bring about the insured's cooperation, (2) that the efforts employed by the carrier were reasonably calculated to obtain the insured's cooperation, and (3) that the attitude of the insured ... was one of willful and avowed obstruction."  *Olin Corp. v. Ins. Co. of N. Am.*, 218 F. Supp. 3d 212, 228 (S.D.N.Y. 2016); *see also Rucaj v. Progressive Ins. Co.*, 19 A.D.3d 270, 271 (1st Dep't 2005).  Magistrate Judge Cave concluded that Defendant did not demonstrate any of the factors required to sustain its non-cooperation defense.  (Report at 30.)  This Court finds Magistrate Judge Cave's reasoning persuasive.  Defendant has not proffered any evidence to show that it acted diligently to either obtain any inventories from Plaintiffs or to

inspect the property, or that it even made any such requests.  Defendant does not even allege, let alone prove, that Plaintiffs acted willfully and avowed obstructively.  The Court therefore denies Defendant summary judgment on this issue.

## IV.    CONCLUSION

Defendant's objections are OVERRULED and Magistrate Judge Cave's Report is ADOPTED in full.  Defendant's motions to exclude Plaintiffs' expert witness, (ECF No. 35), and for summary judgment, (ECF No. 38) are both DENIED.  The Clerk of the Court is directed to close the motions accordingly.

Dated: September 13, 2022
       New York, New York

SO ORDERED.

GEORGE B. DANIELS
United States District Judge